UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
BEVERLEY BROWN

                              Plaintiff                COMPLAINT
                                                                JURY TRIAL DEMANDED
  -Against-                                                                  07-Civ-03291

JP MORGAN CHASE,
                                   Defendant
-------------------------------------------------------------X

       Plaintiff, BEVERLEY BROWN, by her attorneys, LAW OFFICES OF AMBROSE WOTORSON, alleges as follows:

       I.       INTRODUCTION

       1.       This is an action pursuant to 42 U.S.C. Section 1981, *et seq.*, the New York City Human Rights Law and the New York State Human Rights Law, to vindicate the civil rights of plaintiff. Plaintiff contends that defendant altered the terms, conditions, and privileges of her employment by demoting her because she opposed practices which she reasonably viewed as being discriminatory, and by terminating her within a short amount of time after she complained a second time about racial and gender discrimination. Moreover, rather than fully investigating plaintiff's claims, defendant merely acquiesced to the discriminatory behavior of two of its white employees who resisted being supervised by plaintiff, a black woman.

       II.       JURISDICTION

       2.       This Court has jurisdiction over this action under 42 U.S.C. Section 1981, *et seq.* Venue is proper, as the operative events occurred within this judicial district.

### III. PARTIES

2. BEVERLEY BROWN (hereinafter, "plaintiff") resides 777 Avenue A, Stroudsburg, Pennsylvania, 18360.

3. JP MORGAN CHASE is a for profit banking company. Its principal place of business located at 270 Park Avenue, New York, New York.

### IV. FACTUAL AVERMENTS

4. At all relevant times, plaintiff was employed with defendant as the Vice President Carrier Services.

5. Plaintiff's performance has been fully satisfactory at all relevant times since her hire.

6. However, defendant altered the terms, conditions, and privileges of plaintiff's employment by subjecting her to racial discrimination and retaliatory measures in the following ways:

   a. Plaintiff was hired on or about September 1998 as an Officer.

   b. In July 2005, Dennis Young, who served as Vice President Engineering, explained to plaintiff that he had decided to terminate plaintiff's white immediate supervisor, Allen Miller, Manager of Voice Network Engineering. Young, who is also white, explained to plaintiff that she would be Miller's replacement, as the new Manager of Voice Network Engineering.

   c. Allen Miller was terminated in March 2006 and plaintiff replaced him.

   d. Dennis Young announced plaintiff's appointment as the new Manager of

        Voice Network Engineering in the presence of Richard Albert and Charles Mazzarella who were to report to plaintiff as a result of her elevation to the Voice Network's Manager's position.

e. Almost immediately, Richard Albert and Charles Mazzarella, both of whom are white, refused to take any direction from plaintiff, and generally, refused to acknowledge plaintiff as their new immediate supervisor. They also generally refused to do any work for plaintiff. These two men significantly undermined plaintiff's supervisory role, in part because they did not wish to be supervised by a black woman.

f. For example, in March 2006 when plaintiff attempted to coach Richard Albert for leaving work early, Albert simply responded that "[he] can leave "anytime he want[ed] to."

g. When plaintiff attempted to coach Charles Mazzarella in April 2006 for being away from his desk for extended periods without anybody knowing where he was, Mazzarella promptly accused plaintiff of "blatant discrimination," and requested Dennis Young's intervention.

h. Plaintiff was the only black woman working in Dennis Young's group.

i. Plaintiff complained about Albert's and Mazzarella's refusal to recognize her as the new Manager, and about Mazzerella's unfounded allegation that she was discriminating against him.

j. Then, in July 10, 2006, for the first time, Dennis Young told plaintiff that he had received vague "complaints" about her and that he would now have a white woman, Sherrie Rutter, be responsible for the "administrative

        side" of Network Engineering. Plaintiff did not understand, at that time, that Young was stating that Sherrie Rutter was taking over her role as Voice Network Manger.

k. However, on July 14, 2006, Dennis Young announced in front of the entire team, including Albert and Mazzarella, that Sherrie Rutter was taking over from plaintiff as the new Voice Network Manager.

l. Later that week, plaintiff met with Una Miller, who served as a Human Resources Manager. During that meeting, plaintiff specifically accused defendant of "discrimination" against her because she is a black woman, and she complained that her demotion occurred, in part, because defendant acquiesced to Mazzarella's frivolous complaints, and acquiesced to Albert's and Mazzarella's resistance to being supervised by a black woman. Plaintiff later raised the same complaints with Merrill Winter of defendant's Employee Relations Department.

m. On or about November 3 and November 6, 2006, plaintiff complained to John Bradley, Director of Human Resources, and Kathryn Wikman, Senior Vice President Human Resources, about her reasonable belief that she was subjected to discrimination and retaliation.

n. On December 1, 2006, plaintiff received a negative performance review for the first time during her eight (8) years of employment with defendant.

o. On December 7, 2006, plaintiff complained to Kathryn Wikman that her negative performance review was blatant retaliation for having previously complained about discrimination at JP Morgan Chase.

   p. On January 30, 2007, in a fit of retaliatory ardor, defendant hastily terminated plaintiff, Albert, and Mazzarella, rather than fully investigating and dealing with plaintiff's interpersonal difficulties and charges of discrimination. All three were hastily and sloppily terminated, in part, because of the prior allegations of discrimination.

7. As a further proximate result of defendant's illegal acts towards plaintiff, plaintiff will suffer a loss of earnings, bonuses and other employment benefits.

8. As a further proximate result of defendant's illegal actions towards plaintiff, plaintiff has suffered impairment and damage to plaintiff's good name and reputation.

9. As a further proximate result of defendant's illegal actions towards plaintiffs plaintiff has suffered mental anguish and emotional injury.

10. As a further proximate result of defendant's illegal actions towards plaintiff, plaintiff has been unable to find comparable employment with comparable pay, despite her best efforts to do so, and he has suffered extraordinary consequential damages as a result..

11. Defendant's actions were willful, outrageous and were malicious, were intended to injure plaintiff, and were done with reckless indifference to plaintiff's protected rights, entitling plaintiff to punitive and/or liquidated damages.

 V. CAUSES OF ACTION

  FIRST CAUSE OF ACTION

12. Plaintiff hereby repeats and realleges each allegation in each numbered paragraph above.

13. By discriminating against plaintiff on account of her sex and race, and by retaliating against her because she reasonably complained of such discrimination, defendant violated 42 U.S.C. Section 1981 *et seq*.

### SECOND CAUSE OF ACTION

14. Plaintiff hereby repeats and realleges each allegation in each numbered paragraph above.

15. By discriminating against plaintiff on account of her sex and race, and by retaliating against her because she reasonably complained of such discrimination, defendant violated Section 8-107(1)(a) of the New York City Human Rights Law.

### THIRD CAUSE OF ACTION

16. Plaintiff hereby repeats and realleges each allegation in each numbered paragraph above.

17. By discriminating against plaintiff on account of her sex and race, and by retaliating against her because she reasonably complained of such discrimination, defendant violated Section 296 of the New York State Human Rights Law.

VI. PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court grants to him judgment containing the following relief:

    a. An award of damages to be determined at the time of trial to compensate plaintiff for mental anguish, humiliation, embarrassment, emotional injury, loss of pay and loss of benefits;

    b. An Award of punitive and/or liquidated damages to be determined at the time of trial;

    c.      An award of reasonable attorney fees and the costs of this action and,

    d.      Such other and further relief as this Court may deem just and proper; and

    e.      Reinstatement or any other equitable relief available, including an injunction against the adverse actions complained of herein.

Dated: Brooklyn, New York
       April 23, 2007

                              Respectfully Submitted,
                              Law Offices of Ambrose Wotorson, P.C.
                              By_____/s/_____
                              Ambrose W. Wotorson (AWW—2412)
                              26 Court Street
                              Suite 1811
                              Brooklyn, New York 11242

                              718-797-4861