UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BEVERLEY BROWN,                             : ECF
                                            :
                       Plaintiff,           : 07 CV 3291(KPC)
                                            :
       - against -                          :
                                            : ANSWER TO COMPLAINT
                                            : AND JURY DEMAND
JP MORGAN CHASE,                            :
                                            :
                       Defendant.           :
------------------------------------------------------------X

JPMorgan Chase Bank, National Association. (hereafter "Defendant"), erroneously named herein as JP Morgan Chase, by its attorneys, the JPMorgan Chase Legal Department, respectfully submits its Answer to Plaintiff's Complaint and Jury Trial Demand (the "Complaint") as follows:

## RESPONSE TO INTRODUCTION

1. States that Plaintiff has initiated an action alleging violations of 42 U.S.C. Section 1981, et seq., the New York City Human Rights Law and the New York State Human Rights Law, but denies that Plaintiff has stated a cause of action under these statutes and also denies each and every factual allegation set forth in Paragraph 1 of the Complaint, except states, on information and belief, that Plaintiff is a Black woman.

## RESPONSE TO JURISDICTIONAL AVERMENTS

2. The allegations set forth in Paragraph 2 of the Complaint constitute averments as to jurisdiction and venue to which no response is required. If such response is required, the allegations are denied.

158869:v1

## RESPONSE TO AVERMENTS REGARDING THE PARTIES

2. (sic)  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second paragraph identified as Paragraph 2 (listed under Section III) of the Complaint.

3.  Denies the allegations set forth in Paragraph 3 of the Complaint.

## RESPONSE TO FACTUAL AVERMENTS

4.  Denies the allegations set forth in Paragraph 4 of the Complaint. Defendant states that Plaintiff was hired by JPMorgan Chase, National Association and/or a predecessor entity on or about September 21, 1998. Defendant further states that in or about July 2005 there was a job mapping and Plaintiff's position was mapped to the corporate title of Vice President.

5.  Denies the allegations set forth in Paragraph 5. Defendant states that its records reflect that Plaintiff's overall performance ratings since returning to the employ of JPMC from International Business Machines (IBM) in January 2005 were at least "Meets Expectations".

6.  Denies the allegations set forth in Paragraph 6 of the Complaint and as to the subparts, responds as follows:

    a. States that Plaintiff was hired on September 21, 1998 as a Telecommunications Engineering Officer.

    b. Denies the allegations set forth in Subpart b of Paragraph 6 of the Complaint, except states: (i) on information and belief, that Dennis Young is White; (ii) Dennis Young's corporate title is Vice President and his functional title is Global Voice Architecture and Engineering

    Manager; (iii) on information and belief, that Allen Miller is White; (iv) that in or about July 2005 Dennis Young advised Plaintiff that Allen Miller's employment would be terminated.

c. Denies the allegations set forth in Subpart c of Paragraph 6 of the Complaint, except states that the effective date of Allen Miller termination from employment with JPMorgan Chase Bank, N.A. was March 21, 2006.

d. Denies the allegations set forth in Subpart d of Paragraph 6 of the Complaint.

e. Denies the allegations set forth in Subpart e of Paragraph 6 of the Complaint, except states, on information and belief, that Richard Albert and Charles Mazzarella are White. Defendant states that Plaintiff was not assigned to manage Albert or Mazzarella.

f. Denies knowledge of information sufficient to form a belief as to the truth of the allegations regarding what Plaintiff attempted to do, as alleged in Subpart f of Paragraph 6 of the Complaint and, on information and belief, denies the remaining allegations set forth in Subpart f of Paragraph 6.

g. Denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Plaintiff attempted to do, as alleged in Subpart g of Paragraph 6 of the Complaint and, on information and belief, denies the remaining allegations set forth in

    Subpart g of Paragraph 6. Defendant states that Mazzarella complained to Dennis Young about Plaintiff.

h. Admits that Plaintiff was the only Black woman who reported directly to Dennis Young in 2006.

i. Denies the allegations set forth in Subpart i of Paragraph 6 of the Complaint.

j. Denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Plaintiff understood at the time, admits, on information and belief, that Sherrie Rutter is White and denies the remaining allegations set forth in Subpart j of Paragraph 6 of the Complaint.

k. Denies the allegations set forth in Subpart k of Paragraph 6 of the Complaint. Defendant states that Dennis Young announced to the team that Sherrie Rutter would be the Manager of Carrier Network Services Engineering Team for Global Voice, which consolidated the Architecture & Engineering Network Services area and the Voice Application Network Carrier Services area.

l. Denies the allegations set forth in Subpart l of Paragraph 6 of the Complaint, except admits that Plaintiff met with Una Miller, Human Resources Business Partner, and, subsequently, with Merrill Winter, in Employee Relations.

m. Denies the allegations set forth in Subpart m of Paragraph 6 of the Complaint, except states that in or about early November 2006,

      Plaintiff sent an e-mail to John Bradley, Director of Human Resources, and spoke with Kathryn Wikman, Senior Vice President and Employee Relations Executive.

    n. Denies the allegations set forth in Subpart n of Paragraph 6 of the Complaint.

    o. Denies the allegations set forth in Subpart o of Paragraph 6 of the Complaint, except states that Plaintiff contacted Kathryn Wikman and complained about her performance review.

    p. Denies the allegations set forth in Subpart p of Paragraph 6 of the Complaint.

7. Denies the allegations set forth in Paragraph 7 of the Complaint.

8. Denies the allegations set forth in Paragraph 8 of the Complaint.

9. Denies the allegation set forth in Paragraph 9 of the Complaint.

10. Denies the allegations set forth in Paragraph 10 of the Complaint.

11. Denies the allegations set forth in Paragraph 11 of the Complaint.

**AS AND FOR A RESPONSE
TO PLAINTIFF'S FIRST CAUSE OF ACTION**

12. In response to Paragraph 12 of the Complaint, Defendant repeats and realleges its responses to Paragraphs 1 through 11 with the same force and effect as though fully set forth herein.

13. Denies the allegations set forth in Paragraph 13 of the Complaint.

### AS AND FOR A RESPONSE
### TO PLAINTIFF'S SECOND CAUSE OF ACTION

14. In response to Paragraph 14 of the Complaint, Defendant repeats and realleges its responses to Paragraphs 1 through 13 with the same force and effect as though fully set forth herein.

15. Denies the allegations set forth in Paragraph 15 of the Complaint.

### AS AND FOR A RESPONSE
### PLAINTIFF'S THIRD CAUSE OF ACTION

16. In response to Paragraph 16 of the Complaint, Defendant repeats and realleges its responses to Paragraphs 1 through 15 with the same force and effect as though fully set forth herein.

17. Denies the allegations set forth in Paragraph 17 of the Complaint.

### AS AND FOR A RESPONSE
### TO PLAINTIFF'S PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief sought in the **WHEREFORE** Clause that follows the Third Cause of Action in the Complaint.

### AFFIRMATIVE DEFENSES

Defendant asserts that it bears the burden of proof only on those matters set forth as affirmative defenses in Rule 8(c) of the Federal Rules of Civil Procedure. Defendant sets forth its affirmative defenses to Plaintiff's claims as follows:

### FIRST AFFIRMATIVE DEFENSE

The Complaint, or portions thereof (including, specifically, the claims asserted under 42 U.S.C. §§ 1981 et seq., Section 8-107(1)(a) of the New York City Human Rights Law

and/or Section 296 of the New York State Human Rights Law), fails to state a claim upon which relief can be granted or upon which the damages sought can be awarded.

## SECOND AFFIRMATIVE DEFENSE

At all times relevant hereto, Defendant acted in good faith and has not violated any rights which may be secured by Plaintiff under any applicable federal, state or local law, rule, regulation or guideline.

## THIRD AFFIRMATIVE DEFENSE

All or part of the Complaint is barred by Plaintiff's failure to satisfy the applicable statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff's claims for damages are barred in whole or in part by her failure to mitigate her damages.

## FIFTH AFFIRMATIVE DEFENSE

All or part of the damages sought are not available under the laws upon which this Complaint is based.

## SIXTH AFFIRMATIVE DEFENSE

The Complaint, or portions thereof, is/are barred, or damages or loss sustained by Plaintiff was caused by, or contributed to by, Plaintiff's own actions, fault or lack of due diligence.

## SEVENTH AFFIRMATIVE DEFENSE

Any and all of the actions taken by Defendant with respect to Plaintiff's employment were based on legitimate, non-discriminatory business reasons and were without any discriminatory animus.

## EIGHTH AFFIRMATIVE DEFENSE

The Complaint, or portions thereof, is/are barred by the doctrines of laches, waiver, estoppel or unclean hands.

## NINTH AFFIRMATIVE DEFENSE

The Complaint, or portions thereof, is/are barred because Defendant exercised reasonable care to prevent discrimination.

## TENTH AFFIRMATIVE DEFENSE

The Complaint, or portions thereof, is barred because the Chase Defendants corrected promptly any alleged discriminatory behavior protected by any relevant laws.

## ELEVENTH AFFIRMATIVE DEFENSE

The Complaint, or portions thereof, is barred because Plaintiff unreasonably failed to take advantage of preventive opportunities or to avoid harm otherwise.

## TWELVTH AFFIRMATIVE DEFENSE

Plaintiff's claim for attorney's fees is barred as a matter of fact and as a matter of law.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by documentary evidence.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish causation between any alleged wrongful or unlawful conduct on the part of Defendant and any damages Plaintiff claims to have suffered.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim under 42 U.S.C. §§ 1981 et seq.

### SIXTEENTH AFFIRMATIVE DEFENSE

To the extent that there were any impermissible reasons for action(s) taken by Defendant with respect to Plaintiff's employment, Defendant would have taken the same action(s) based upon permissible reasons in the absence of any such impermissible reasons.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The Complaint, or portions thereof, is barred because any promises made were illusory and there was no mutuality of obligation.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The Complaint, or portions thereof, is barred by the Statute of Frauds.

### NINETEENTH AFFIRMATIVE DEFENSE

The Complaint, or portions thereof, is barred by failure of consideration.

### TWENTIETH AFFIRMATIVE DEFENSE

All, or a portion, of the Complaint or the damages sought therein is barred because there was no state action.

### TWENTY FIRST AFFIRMATIVE DEFENSE

The Complaint, or portions thereof, is barred by Plaintiff's failure to satisfy the jurisdictional prerequisites and/or conditions precedent to filing an action under the New York State Human Rights Law or the New York City Administrative Code.

**WHEREFORE**, Defendant respectfully prays that the Court:

(a) Enter judgment in favor of Defendant dismissing the Complaint in its entirety;

(b) Deny the demands and requests for relief contained in the Complaint;

(c) Award Defendant its reasonable attorneys' fees, costs and disbursements; and

(d) Grant such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         August 16, 2007

                              **JPMorgan Chase Legal Department**

                              By: _____
                                Tara A. Griffin, Esq. (TA-6462)
                              Attorneys for Defendant
                                 JPMorgan Chase Bank, N.A.
                              One Chase Manhattan Plaza, 26th Floor
                              Attorney(s) for Defendants
                              New York, New York 10081
                              (212) 552-5101

To:    Ambrose W. Wotorson (AWW-2412)
        Law Office of Ambrose Wotorson, P.C.
        26 Court Street, Suite 1811
        Brooklyn, New York 11242
        (718) 797-4861

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
:
BEVERLEY BROWN, :
:
: ECF
: 07 CV 3291 (KPC)
Plaintiff, :
- against - :
: **AFFIDAVIT OF**
: **SERVICE**
JP MORGAN CHASE, :
:
:
:
Defendant. :
------------------------------------------------------------------x

**STATE OF NEW YORK**    )
                         ) ss.:
**COUNTY OF NEW YORK**   )

Vivian Patricia Falconi, being duly sworn, deposes and says, that deponent is not a party to the action, is over eighteen years of age and is employed by JPMorgan Chase Bank, N.A.

That on the 16th day of August 2007, deponent served the within by mail:

ANSWER TO COMPLAINT AND JURY DEMAND

TO:   Ambrose W. Wotorson , Esq.
      Law Office of Ambrose Wotorson, P.C.
      26 Court Street, Suite 811
      Brooklyn, New York 11242
      (718) 697-4861

by the address designated for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

_Vivian Patricia Falconi_

Sworn to before me this
16th day of August, 2007

_____
Notary Public
    STUART RADISH
  Notary Public, State of New York
        No. 01RA6115435
    Qualified in New York County
  Commission Expires September 7, 2008

160194:v1