USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/5/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BEVERLEY BROWN,

                              Plaintiff,             07 CV 3291(PKC)

       - against -

                                                  STIPULATION AND ORDER OF
                                                  CONFIDENTIALITY

JP MORGAN CHASE,

                            Defendant.
------------------------------------------------------------X

        WHEREAS, Beverley Brown ("Plaintiff"), by and through her attorney, Ambrose W. Wotorson, Esq., has instituted the above-captioned lawsuit against JPMorgan Chase Bank, N.A., erroneously named herein as JP Morgan Chase before the United States District Court for the Southern District of New York, Civil Action No. 07 CV 3291 (PKC), in which Plaintiff has asserted claims of retaliation and discrimination based on her race and sex (hereinafter "Brown v. JPMC"); and,

        WHEREAS, pursuant to the disclosure requirements of the Federal Rules of Civil Procedure and in response to any discovery demands that Plaintiff may make Defendant will be disclosing information and making available for inspection and/or producing to Plaintiff information and documents which Defendant treats as confidential (the "Confidential Information"). In order to expedite the flow of discovery, promote the prompt resolution of disputes over confidentiality, and facilitate the preservation of the confidentiality of material deemed worthy of protection,

160873:v1

**IT IS HEREBY STIPULATED AND AGREED** by and among the parties and through their counsel, that:

1. Copies of the Confidential Information referred to herein will be produced only subject to the terms of this Stipulation and Order and in accordance with the applicable Federal Rules of Civil Procedure and Civil Rules for the Southern and Eastern Districts of New York.

2. This Stipulation governs the handling of all information contained in documents, deposition testimony, deposition exhibits, answers to interrogatories, requests for admission, and other written, recorded or graphic matter ("discovery materials") produced by Defendant and obtained by any party during the proceedings in this action which are considered by JPMC as "Confidential Information" under Paragraph 3 of this Stipulation and Order.

3. As used herein, the term "Confidential Information" shall mean all discovery materials and information produced, except that "Confidential Information" shall not include discovery materials in the public domain. Specifically, Defendant intends to designate as "Confidential Information" documents and information including, but not limited to, the following: (1) Corporate employee records files; (2) Corporate Staff and/or Management records and files; (3) Human Resources records and files and information regarding current and former employees including, without limitation, salary information; (4) any documents relating to the candidate selection process both for the reduction-in-force; (5) any non-privileged investigation files; (6) all JPMC policies and handbooks including, but not limited to, the Code of Conduct; (7) organizational charts; (8) e-mail and other correspondence; and (9) all JPMC business and/or transaction related documents, things and/or information including, without limitation, any voice recordings or tapes. Defendant may designate a deposition transcript or any portion thereof as "Confidential Information" either by requesting on the record that the transcript be so designated, or by notifying the other parties in writing within fifteen (15) days of receiving the deposition transcript that it is so

designating the transcript or any portion thereof, if such testimony relates to the documents and/or information designated as "Confidential Information." All deposition transcripts shall be deemed "Confidential Information" for fifteen (15) days following the receipt of the transcript by Defendant to afford Defendant the opportunity to designate the transcript or portions thereof "Confidential Information."

4. The Confidential Information produced or provided by Defendant, as referred to above, shall be available to and utilized by the parties in this action solely by disclosure to Plaintiff and his attorney of record, employees of the law firm or legal department of the parties attorneys who are directly assisting in this case, the individual(s) who is/are the subject, the author or the recipient of the documents or information, and any expert witness retained on behalf of the parties to testify on a subject matter involving such documents and information. Disclosure of Confidential Information shall be made only as necessary for the pursuit of this action and only after the person to whom the disclosure is made has been informed of and agreed to be bound by the terms of this Stipulation and Order. The documents referred to above and any information derived therefrom shall not be made available to any other person or entity, including the New York State Division of Human Rights, the Equal Employment Opportunity Commission, the New York State Department of Labor or the New York City Commission on Human Rights, without the written consent of Chase.

5. In the event that documents containing Confidential Information which are subject to the attorney-client privilege or documents which constitute attorney work-product are inadvertently produced, such documents, and all copies thereof, shall be immediately returned to JPMC upon discovery by the recipient party(ies) or upon request by Defendant.

6. Nothing contained herein shall be deemed to preclude Defendant from seeking additional protection with respect to the Confidential Information or information that is subject to the attorney-client privilege or that constitutes attorney-work-product. Furthermore,

nothing contained herein shall be deemed to preclude Defendant from making any objection during the pendency of this action with respect to the introduction of any document, information or testimony into evidence or with respect to whether such document, information or testimony is relevant or material. Production of the Confidential Information subject to the terms of this Stipulation and Order shall not be deemed a waiver of any objection concerning the admissibility of the Confidential Information.

7. There shall be no reproduction or duplication whatsoever of the Confidential Information, except that which is required in defense or pursuit of this case, preparation for trial, trial, post-trial motions or any appeals. Copies, excerpts or summaries only may be shown or given to those authorized to receive such information pursuant to this Stipulation and Order.

8. Prior to the trial of this matter, counsel for the parties shall seek to reach agreement on the handling of Confidential Information covered by this Stipulation and Order at trial so as to provide protection against public disclosure without in any way infringing on the rights of the parties to present any evidence they deem necessary at such trial, and shall submit such agreement, or proposals if no agreement can be reached, to the Court for its consideration.

9. Within thirty (30) days of the termination of Brown v. JPMC, by entry of a judgment that has become non-appealable, by an order of discontinuance, or otherwise, Plaintiff shall return to JPMC all material containing Confidential Information, including all copies, excerpts or summaries thereof.

10. The provisions of this Stipulation and Order shall, absent written permission of the producing party or further order of this Court, continue to be binding after the conclusion of this action.

Dated: New York, New York
September __, 2007
Jan. 23, 2008

/s/ Plaintiff

JPMORGAN CHASE
LEGAL DEPARTMENT

By: /s/
Tara A. Griffin (TAG 9462)
Attorneys for Defendant
JPMorgan Chase Bank, N.A.
1 Chase Manhattan Plaza, 26th Floor
New York, New York 10081
(212) 552-5101

SUBJECT TO ADDENDUM

The Law Office of Ambrose Wotorson

By: /s/
Ambrose Wotorson (AW-2412)
Attorney for Plaintiff
Beverley Brown
26 Court Street, Suite 1811
Brooklyn, New York 11242
(718) 797-4861

SO ORDERED:
/s/
U.S.D.J.
2-4-08

160873:v1                              5

ADDENDUM TO
STIPULATED PROTECTIVE ORDER
Brown v. JP Morgan Chase
07 Civ. 3291PKC)

Notwithstanding any other provision, no document may be filed with the Clerk under seal without a further Order of this Court addressing the specific documents to be sealed. Any application to seal shall be accompanied by an affidavit and memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995) ("Amodeo I") and Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-120 (2d Cir. 2006). Without any further application to the Court, the following may be redacted from any letter, memorandum, exhibit, deposition testimony or other document to be filed with the Clerk: social security numbers, taxpayer-identification numbers, financial account numbers, and names of minor children (replaced by initials); where a redaction has been made, the fact of the redaction shall be noted on the page where it has occurred.

SO ORDERED.

_____
United States District Judge

Dated: New York, New York
       February 4, 2008